KAREN L. MORRIS
General Counsel
KARTAR S. KHALSA
Deputy General Counsel
SARA B. EAGLE
ERIKA E. BARNES (CA Bar No. 197309)
Assistant General Counsels
KEM TAE M. LYNCH
GABRIELLE GRAVES
Attorneys
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
445 12th Street S.W.
Washington, D.C.  20024-2101
Telephone: (202) 229-3460
Fax: (202) 229-6092
Emails: barnes.erika@pbgc.gov *and* efile@pbgc.gov

*Attorneys for Pension Benefit Guaranty Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: Luhan Corporation Cash Balance Plan | Case No.: 8:24-cv-1676 |
| PENSION BENEFIT GUARANTY CORPORATION | COMPLAINT |
| Plaintiff, | |
| v. | |
| LUHAN CORPORATION, INC., as Plan Administrator of the Luhan Corporation Cash Balance Plan | |
| Defendant. | |

**COMPLAINT FOR PENSION PLAN TERMINATION**

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA").  Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint against Luhan Corporation, Inc. ("Luhan"), pursuant to 29 U.S.C. §§ 1342(a)(2), 1342(c)(1) and 1348(a) seeking an order (i) terminating the Luhan Corporation

Cash Balance Plan (the "Pension Plan"); (ii) appointing PBGC as statutory trustee of the Pension Plan; (iii) establishing July 31, 2024, as the termination date of the Pension Plan; and (iv) directing the Defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

### Jurisdiction and Venue

2. This Court has exclusive jurisdiction over this action under 29 U.S.C. § 1303(e)(3), as well as under 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 1303(e)(2).

### Parties

4. Plaintiff PBGC is a wholly-owned United States government corporation established under 29 U.S.C. § 1302, and is the federal agency that administers and enforces the nation's defined benefit pension plan insurance program established by Title IV of ERISA.

5. Defendant Luhan is a for-profit corporation organized under the laws of California. Luhan operates the restaurant "Luciana's Ristorante," located at 24312 Del Prado Ave, Dana Point, CA 92629.

### Pension Plan

6. On January 1, 2014, Luhan established the Pension Plan to provide pension benefits for certain of its employees, as well as the employees of Anne Luhan, M.D. who no longer participate in the Plan.

7. The Pension Plan is a single employer, defined benefit pension plan that is covered by Title IV of ERISA. *See* 29 U.S.C. § 1321(a).

8. At all relevant times, Luhan was a contributing sponsor to the Pension Plan and is now the sole contributing sponsor within the meaning of 29 U.S.C. § 1301(a)(13). At all relevant times, Luhan was also the Plan Administrator within the meaning of 29 U.S.C. §§ 1301(a)(1) and 1002(16).

9. On information and belief, the Pension Plan has 16 participants with vested, non-forfeitable benefits.

10. On information and belief, Luhan has not paid any contributions to the Pension Plan since February 26, 2020. As of May 31, 2024, the Pension Plan is 0% funded on a PBGC-termination basis.

## Cause of Action

11. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, *inter alia*, that, pursuant to 29 U.S.C. § 1342(a)(2), the plan will be unable to pay benefits when due.

12. Pursuant to 29 U.S.C. § 1342(a)(2), PBGC has determined that the Pension Plan will be unable to pay benefits when due, and pursuant to 29 U.S.C. § 1342(c), PBGC has determined that termination of the Pension Plan is necessary to protect the interests of the Pension Plan's participants.

13. On July 31, 2024, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Luhan in its role as Plan Administrator of the Pension Plan that PBGC has determined (1) the Pension Plan will be unable to pay benefits when due and (2) the Pension Plan must be terminated to protect the interests of its participants and beneficiaries. A copy of the Notice is attached as Exhibit 1.

14. Upon notice to the Plan Administrator, PBGC can apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated to protect the interests of the participants. 29 U.S.C. §§ 1342(b)(1), (c)(1).

15. PBGC has determined that termination of the Pension Plan is necessary to protect the interests of participants. *See* Exhibit 1.

16. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV of ERISA when PBGC and the Plan Administrator have not agreed on a date of termination.

17. PBGC and Luhan have not agreed on a date of plan termination for the Pension Plan.

18. On July 26, 2024, PBGC published an advertisement (the "Ad") in the Dana Point Times to notify Pension Plan participants that PBGC had determined the Pension Plan should be terminated and was taking steps to assume responsibility for the Pension Plan as its statutory trustee. A copy of the Ad is attached as Exhibit 2.

19. The Ad publication served to extinguish any justifiable expectation of the Pension Plan's continuation by Pension Plan participants. Accordingly, July 31, 2024, should be established as the Pension Plan's termination date pursuant to 29 U.S.C. § 1348(a)(4).

20. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a plan in any case.

21. PBGC is ready, willing, and able to serve as the statutory trustee of the Pension Plan.

22. Pursuant to 29 U.S.C. § 1342(d)(1), the statutory trustee of a pension plan is entitled to, among other things, "require the transfer of all (or any part) of the assets and records of the plan to [itself] as trustee."

## CLAIM FOR RELIEF

WHEREFORE, PBGC requests that this Court grant judgment for PBGC

and issue an order granting the following relief:

    1. Adjudicating that the Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

    2. Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

    3. Establishing July 31, 2024, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

    4. Directing Luhan and any other person or entity having possession, custody or control of any records, assets, or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

    5. Granting such other relief as the Court deems just and proper.

Dated:  August 1, 2024
        Washington, D.C.

Respectfully submitted,

KAREN L. MORRIS
General Counsel
KARTAR S. KHALSA
Deputy General Counsel
SARA B. EAGLE
Assistant General Counsel
KEM TAE M. LYNCH
GABRIELLE GRAVES
Attorneys

/s/ Erika E. Barnes
Erika E. Barnes (CA Bar No. 197309)
Assistant General Counsel
PENSION BENEFIT GUARANTY CORPORATION

*Attorneys for Plaintiff Pension Benefit Guaranty Corporation*